IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBERT J. SYKES** | § | |
| | § | |
| **V.** | § | A-08-CA-796-AWA |
| | § | |
| **PUBLIC STORAGE, INC.** | § | |

## ORDER

Before the Court is the above-cited case. Plaintiff Robert Sykes filed the instant lawsuit against Defendant Public Storage alleging claims for conversion, breach of contact, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). On June 21, 2010, the Court called the above-styled cause for trial. After the close of the Plaintiff's case, Defendant moved the Court pursuant to Federal Rule of Civil Procedure 50 to enter judgment for Defendant on all of Plaintiff's claims. This order is entered solely to memorialize the rulings that the undersigned made in open court on the Rule 50 motions.

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a). Defendant moved for judgment on Plaintiff's conversion and DTPA claims on the grounds that the statute of limitations had run on those claims. As stated on the record, the Court **GRANTS** the Motion with regard to these two claims, as the evidence shows that Plaintiff, through the exercise of reasonable diligence, should have discovered the facts giving rise to these causes of action more than two years prior to the date Plaintiff filed this case.

In regard to Plaintiff's breach of contract claim, Defendant argues that there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on this issue. Consistent with

the Court's oral ruling on the record, Defendant's Rule 50 motion as to this claim is **DENIED WITHOUT PREJUDICE** to reurging after the closing of the evidence.

SIGNED this 1st day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE